UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

YADIRA CARDOSO,

    Plaintiff,

vs.

HRI LODGING, LLC

    Defendant.

_____/

## COMPLAINT

Plaintiff, YADIRA CARDOSO ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, HRI LODGING, LLC ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to the American with Disabilities Act ("ADA"), to redress injuries resulting from Defendant's unlawful disability-based discriminatory treatment of Plaintiff

2. At all times material hereto, Plaintiff was a resident of Tampa, Florida.

3. Defendant is a Foreign For Profit Corporation authorized to conduct business in the State of Florida, where Plaintiff worked for Defendant.

4. Venue is proper because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of this Court.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

5. Plaintiff started working for the Defendant as a housekeeper on October 23, 2023.

6. On November 23, 2023, Plaintiff had to go to the hospital for a stomach virus.

7. On April 12, 2024, Plaintiff's supervisor Mr. Luis (LNU), called to with him.

8. Both Mr. Luis and Mr. Raimon Canal, the Housekeeping manager were present when Plaintiff arrived for the meeting.

9. During the meeting they both questioned Plaintiff about tasks she had not completed the previous night.

10. Plaintiff explained that the workload had increased, and she was assigned duties outside of her usual responsibilities which made it difficult to finish everything.

11. Despite Plaintiff's explanation they reprimanded her harshly which caused her significant distress.

12. During the meeting, Plaintiff began to experience symptoms of anxiety, tachycardia, and shortness of breath.

13. Plaintiff was unable to continue and had to be taken to Tampa General Hospital where she was admitted to the cardiology department for observation.

14. Plaintiff remained in the hospital overnight and was discharged on April 13, 2024, at 2:00 PM.

15. The cardiologist advised Plaintiff to take four (4) days off work to recover.

16. Upon returning to work on April 17, 2024, Plaintiff was called into a meeting with Ms. Maribel (LNU) from Human Resources and Mr. Raimon Canal.

17. During the meeting, they both informed her that she was being terminated without offering any explanation.

18. When Plaintiff inquired further, they still refused to provide a reason.

19. Plaintiff believes the true reason for her termination was her absence due to the medical condition triggered by the reprimand.

20. Plaintiff had a legitimate medical condition that required time off for recovery, as instructed by a cardiologist.

21. Plaintiff was terminated because of her condition and the time needed for recovery.

22. Plaintiff timely filed a Charge of Discrimination alleging discrimination on the basis of disability, and failure to accommodate, with the Equal Employment Opportunity Commission, and the Florida Commission on Human Relations.

23. Plaintiff received a right-to-sue notice from the EEOC fewer than ninety days preceding the filing of this Complaint. As such, all conditions precedent, including the exhaustion of administrative remedies, have been met.

24. Throughout Plaintiff's employment, Plaintiff was able to perform the essential functions of her job duties and responsibilities, and at all relevant times she did perform her job at satisfactory or above-satisfactory levels.

## COUNT I

### *Disability Discrimination in Violation of the ADA*

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 5 through 24 of this Complaint as if set out in full herein.

26. Plaintiff is a member of a protected class under the ADA.

27. By Defendant's conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and chronic conditions and subjected the Plaintiff to animosity based on his disability and chronic conditions.

28. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

29. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of her disability was unlawful but acted in reckless disregard of the law.

30. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

31. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

32. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

33. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

34. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

35. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

E. Defendant, or in lieu of reinstatement, award front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: _____September 3, 2025_____

Respectfully submitted,

*s/ Elvis J. Adan*_____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000